IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 17-00487 HG-02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL HIGA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 275)**

Defendant is currently incarcerated at the Butner Federal Medical Center in North Carolina with a projected release date of August 3, 2022.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 275) is **GRANTED**.

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. <u>Dillon v.</u>

<u>United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  extraordinary and compelling reasons warrant such a reduction;
>
> ...
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

3

(1)(A)   Extraordinary and compelling reasons warrant the reduction; or

(B)   The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2)   The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)   The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

(1)   extraordinary and compelling reasons warrant a sentence reduction;

(2)   he is not a danger to the safety of others or the community; and,

(3)   any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

## C.   Extraordinary And Compelling Reasons

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons." The Court agrees with the majority of the

4

district courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

(A)  **Medical Condition of the Defendant.**–

(i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I)     suffering from a serious physical or medical condition,

(II)    suffering from a serious functional or cognitive impairment, or

(III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

5

(B) **Age of the Defendant**.–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–
   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. United States v. Brooker, 976 F.3d 228, 2020 WL 5739712, 236-37 (2d Cir. Sept. 25, 2020); United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

**PROCEDURAL HISTORY**

On August 31, 2017, the grand jury returned an Indictment charging Defendant Higa as follows:

**Count 1**:        From in or about early 2005, and continuing up to the date of the Indictment, Defendant Higa and a co-defendant did unlawfully conspire to defraud the United States for the purpose of obstructing the Internal Revenue System from collecting taxes in violation of

18 U.S.C. § 371.

**Counts 5-9:**      Defendant Higa did willfully aid and assist
                 in the preparation of false tax returns in
                 violation of 26 U.S.C. § 7206(2).

(Indictment at pp. 7-16, ECF No. 1).

On November 20, 2018, following a nine-day jury trial, a
jury found Defendant Higa guilty as to the count of conspiracy to
commit tax fraud (Count 1) and as to a single count of aiding and
assisting in the preparation of a false tax return (Count 7).
(Jury Verdict, ECF No. 157).

On July 1, 2019, Defendant Higa was sentenced to 40 months
imprisonment as to Count 1, and 36 months as to Count 7, to run
concurrently, followed by a term of supervised release of 3 years
as to Count 1 and 1 year as to Count 7, to run concurrently.
(Judgment, ECF No. 213).  Defendant Higa was also ordered to pay
restitution in the amount of $2,045,544.97.  (Id.)

On December 4, 2020, Defendant Higa filed his MOTION TO
REDUCE SENTENCE UNDER FIRST STEP ACT (COMPASSIONATE RELEASE).
(ECF No. 275).

On December 22, 2020, the Government filed its Response.
(ECF No. 283).

On December 29, 2020, Defendant Higa filed his Reply.  (ECF
No. 287).

The Court elects to decide the matter without a hearing
pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Higa is 67 years old.  Defendant is currently incarcerated at the Butner Federal Medical Center in North Carolina.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver, __ F.Supp.3d ___, 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

//

//

//

8

I.   **Medical Condition**

    A.   **Current Centers For Disease Control Standards And Defendant's Medical Concerns**

Defendant Higa states he has stage IV kidney cancer that has metastasized in his lungs.  The Defendant also suffers from hypertension, atrial fibrillation, anemia, and high cholesterol.

The CDC identified cancer as a medical condition that places an individual, regardless of age, at increased risk of severe illness from COVID-19.  (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, last visited 02/03/21).

The CDC also identified hypertension as a medical condition that might place an individual at an increased risk for severe illness should they contract COVID-19.  (Id.)

    B.   **Medical Conclusion**

The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age.  Defendant is 67 years old.  Those 65 years of age or older are at increased risk and those 85 years and older at the greatest risk.  (https://www.cdc.gov/coronavirus2019-ncov/need-extra-precautions/older-adults.html, last visited 02/03/21).

Defendant Higa submitted medical records demonstrating that he has stage IV renal cancer that has spread from his kidney, to his lymph nodes, and then to his lungs.  (Medical Records, attached as Ex. B. to Def.'s Mot. at p. 2, ECF No. 275-13).  The

cancer is recurrent.  Defendant Higa's medical records reflect that he has had three separate surgeries in the last three years to remove malignant tumors and nodules found in his left kidney, lymph nodes, and his left lung. (<u>Id.</u> at pp. 473, 431, 416). Defendant Higa has had his entire left kidney removed.  (<u>Id.</u> at p. 473).  The Government concedes that Defendant Higa's stage IV renal cancer is a medical condition that is a compelling and extraordinary reason that allows this Court to consider his eligibility for compassionate release given the heightened danger of severe injury or death were he to contract COVID-19.

Defendant is experiencing deteriorating physical health and is suffering from serious conditions and an advanced illness. The Court finds that Defendant Higa's medical conditions are a compelling and extraordinary reason for compassionate release.

## II.   Section 3553(a) Factors And Defendant's History and Characteristics

### A.   History and Characteristics

In order to be eligible for compassionate release, Defendant Higa must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, and the need for the sentence imposed.

10

Defendant Higa is currently serving terms of imprisonment for conspiracy to commit tax fraud and for aiding and assisting in the preparation of a false tax return. (Presentence Report at p. 2, ECF No. 199).  Defendant Higa was an accountant for companies owned by his co-defendant, where he executed fraudulent transactions, obstructed collection efforts by the Internal Review Services, and altered the financial books and records, among other things.  (Id. at pp. 7-13).  Defendant Higa's criminal conduct was serious but non-violent.

On pretrial release, Defendant Higa performed well and surrendered to the designated facility on his mittmus date.  (See ECF No. 213).  Defendant Higa has no history of misconduct while incarcerated.

**B.   Portion Of Sentence Served**

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell, ___ F.Supp.3d. ___, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020).  The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public.  United States v. Barber, 466 F. Supp. 3d 1127 (D. Ore. 2020).

Defendant Higa received a sentence of 40 months imprisonment

followed by three (3) years of supervised release as to Count 1, and 36 months imprisonment followed by one (1) year of supervised release as to Count 7, to run concurrently. His projected release date is August 3, 2022.

As of the time of this Order, Defendant Higa has served approximately 16 months of his sentence. Defendant Higa has approximately 18 months remaining on his sentence.

### C.   Appropriateness of Immediate Release

Defendant Higa does not have a history of violence. The Government does not find him to be a danger to the community. The Court agrees. Defendant Higa's immediate release is appropriate given the totality of circumstances under the Section 3553(a) factors.

### III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant Higa has established a basis for compassionate release based on his medical conditions.

Defendant Higa does not appear to be a danger to the community. His release is supported by review of the Section 3553(a) factors.

<u>CONCLUSION</u>

For the foregoing reasons, Higa's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE), filed on December 4, 2020, is **GRANTED.**

Higa's sentence is reduced to Time Served plus fourteen (14) days. During the final 14-day period, it is recommended to the

Bureau of Prisons that the Defendant be quarantined to reduce the possibility that he might be infected and might transmit the COVID-19 virus, especially when traveling to his release residence in Aiea, Hawaii.

Upon his release from custody, Higa will commence serving his 3-year term of supervised release in Count 1 and 1-year term of supervised release in Count 7 and shall abide by all of the mandatory, standard, and special conditions of supervised release previously imposed, as well as the following additional special condition:

> 12. You will be monitored by radio frequency technology for a period of 90 days, and you must follow the rules and regulations of the location monitoring program, pursuant to the Participant's Agreement. You are restricted to your residence at all times except for employment; education; religious services; medical treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. You shall earn leave as determined by the probation officer. You must pay the costs of the program, as directed by the probation officer.

Higa is ordered to report by telephone (808-541-1283) to the United States Probation Office, District of Hawaii, within 72 hours of his release from Bureau of Prisons custody.  Upon arrival in Aiea, Higa is ordered to remain in self-quarantine at his residence for not less than 10 days.

//

//

//

//

13

This is required by the State of Hawaii for all individuals arriving from out-of-state on flights to Hawaii.

**IT IS SO ORDERED.**

Dated: February 4, 2021, Honolulu, Hawaii.

Helen Gillmor
Senior United States District Judge

United States v. Michael Higa, Crim. No. 17-00487 HG-02; **ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 275)**

14